Gaston, Judge.
 

 It was necessary for the plaintiff to show on the trial, that under the will of her father, Emanuel Wicks, she had acquired a
 
 legal
 
 right to the slaves sued for, and we concur with the judge below in the opinion that this was not shown. It seems to us, that under that
 
 *283
 
 will, the slaves themselves were given wholly to the children of the plaintiff, and for her was provided a contigent benefit from the labour or hire of the slaves; which beneficial interest it is competent only for a Court of Equity to protect.
 

 In the beginning of the clause in question, the absolute-estate in the slaves is bequeathed to the children, in as strong language as could have been employed for that purpose; and there is no subsequent limitation manifesting an intent to defeat or abridge this primary disposition. The testator did not design by the term “ use” to convey the idea of temporary
 
 ownership,
 
 but simply
 
 of benefit on profit.
 
 This is apparent from that part of the clause in which he guards against his son-in-law having the useor control of the slaves. He could not have apprehended that a father would take a
 
 legal
 
 interest in the property given to children, and did not insert this provision as a security against that result, but he might reasonably fear, that as natural guardian to the children, he would assume the control over the property, and thus obtain to himself its profits, unless this use were distinctly interdicted. This
 
 use,
 
 as distinct from ownership, which he declared the son-in-law should not have, he
 
 permitted
 
 to his daughter, (“she may have the use”) during her widowhood. The right to this use, as distinct from ownership, is not a legal title in the slaves, which is necessary to support an action of detinue.
 

 No other construction consistent with the language of the testator, could have been put on the will, without hazarding the defeat of his main object. If the estate to the grand-children determines in the event of their mother surviving the father, and gives place to the legal estate limited over upon that contingency, under what provision of the will, will they re-acquire the estate? It is a maxim of law, that a condition or limitation annexed to an estate, destroys the
 
 whole
 
 of the estate to which it is annexed, and not a
 
 part
 
 only of it. There can be no question but that the children were the principal objects of the testator’s , , ,-iii . , bounty, and were designed to take the entire interest in the slaves, legal and beneficial, subject only to the contingent provision for their mother. But, let the whole estate to
 
 *284
 
 them be destroyed, by construing this contingent provision into a limitation, and the will makes no disposition of the property in the slaves after the expiration of her temporary dominion.
 

 Per Curiam. Judgment affirmed.